**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

 vs.             1:12-cv-161
                 (MAD/ATB)

**AMY BIELINSKI,**

       **Defendant.**
_____

**APPEARANCES:**       **OF COUNSEL:**

**OVERTON, RUSSELL, DOERR &**  **LINDA L. DONOVAN, ESQ.**
**DONOVAN, LLP**
19 Halfmoon Executive Park Drive
Clifton Park, New York 12065
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  On January 23, 2012, Plaintiff commenced this action alleging that Defendant defaulted on a promissory note. *See* Dkt. No. 1. Currently before the Court is Plaintiff's motion for entry of a default judgment brought pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 7.

### II. BACKGROUND

  Defendant is a resident of Albany County, New York. *See* Dkt. No. 1 at ¶ 1. On August 26, 2000, Defendant executed a promissory note. *See* Dkt. No. 1-2. It is unclear from reading the

complaint whether Defendant defaulted on her payments under the promissory note. Plaintiff does assert, however, that Defendant owes $2,929.61 of principal and $830.96 of capitalized interest. *See* Dkt. No. 1 at ¶ 2. Plaintiff further claims that the promissory note provides for an interest rate of 8.25%. *See id.*; *see also* Dkt. No. 7 at 6.

On January 26, 2012, Plaintiff served its complaint on Defendant. *See* Dkt. No. 3. On February 16, 2012, Plaintiff filed a request for an entry of default. *See* Dkt. No. 4. On February 22, 2012, the Clerk of the Court entered default against Defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 6. On February 23, 2012, Plaintiff filed a motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 7. As of the date of this Memorandum-Decision and Order, Defendant has not filed an answer to Plaintiff's complaint or in any way appeared in this matter.

## III. DISCUSSION

### A.     Standard of review

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 5:10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quoting *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, *3 (S.D.N.Y. June 19, 2008)). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Id.* (quotation omitted). "'Notice of the application must be sent to the defaulting

party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Intern. Group Merchandising Services, Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Intern.*, 655 F. Supp. 2d at 189 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Robertson*, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Intern.*, 655 F. Supp. 2d at 189 (citation omitted). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

### B. Liability

In the present matter, deeming all of the well-pleaded factual allegations in the complaint pertaining to liability as admitted, Plaintiff has not established that it is entitled to judgment in its favor. Significantly, although Plaintiff alleges that Defendant owes it a debt, Plaintiff does not allege that Defendant has defaulted on her payments of that debt and the exhibit Plaintiff attached to its complaint does not demonstrate such a default. *See, e.g., United States v. Lawrence*, 276

F.3d 193, 197 (5th Cir. 2001) (holding that, to prevail on its case to recover on a promissory note, "the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default" (citation omitted)); *United States v. Florestal*, No. 11-24573, 2012 WL 280734, *2 (S.D. Fla. 2012) (denying the defendant's motion to dismiss because the promissory note attached to the complaint established that the defendant signed the note and the certificate of indebtedness shows that the United States is the present holder of the note and that it is in default).

    As such, Plaintiff has failed to allege one of the elements necessary to recover, *i.e.*, that Defendant defaulted on the loan; and, therefore, Plaintiff's complaint is subject to dismissal for failure to state a claim. Since Plaintiff can likely cure this defect, however, the Court will allow Plaintiff twenty (20) days from the date of this Memorandum-Decision and Order to file an amended complaint and serve the amended complaint on Defendant. If Plaintiff fails to amend its complaint within twenty (20) days of the date of this Memorandum-Decision and Order, the Court will *sua sponte* dismiss this action. *See Bonifacio v. Northeastern Acquisitions Group, Inc.*, 798 F. Supp. 2d 1321, 1324-25 (S.D. Fla. 2011) (denying the plaintiff's motion for entry of final default, vacating the default previously entered by the clerk, and granting the plaintiff an opportunity to amend its complaint prior to *sua sponte* dismissal of the action for failure to state a claim). Moreover, since Plaintiff's complaint fails to allege one of the necessary elements of its claim, the entry of default entered by the Clerk of the Court on February 22, 2012 must be vacated. *See id.*

**C.     Damages**[1]

In addition to the above failure, Plaintiff has also failed to provide the Court with sufficient supporting documentation as to the amount of damages actually owed.  For example, although Plaintiff attached to its complaint a document entitled "Promissory Note," it is clear that this document is only a portion of the alleged promissory note and contains little relevant information.  *See* Dkt. No. 1-2.  In fact, the only relevant information that this one page of the promissory note establishes is that Defendant signed a promissory note to secure a loan.  None of the exhibits attached to Plaintiff's complaint or motion for default, including the partial promissory note, provide the Court with the amount of the loan secured through the promissory note, the amount of interest provided for by the note, how much of the loan, if any, Defendant paid prior to the alleged default, or even when Defendant allegedly defaulted on the loan.  Without such information, the Court cannot determine the damages to which Plaintiff may actually be entitled.[2]  *See Robertson*, 2008 WL 2519894, at *3 (holding that "even upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought").

Based on the foregoing, the Court denies Plaintiff's motion for default judgment.

---

[1] Although the Court's discussion and holding as to liability disposes of Plaintiff's motion for default judgment, the Court writes so that, in the future, Plaintiff's counsel may cure some, if not all, of the many defects that have plagued the recent influx of cases of this nature.

[2] The Court notes that, in most student loan cases in which a default judgment is granted, the plaintiff provided the court with a Certificate of Indebtedness to show that the defendant is in default.  *See, e.g., United States v. Kelley*, No. 3:11-cv-98, 2011 WL 2175766 (M.D. Fla. June 2, 2011); *United States v. Terry*, No. 08-CV-3785, 2009 WL 4891799, *2 (E.D.N.Y. Dec. 11, 2009); *United States v. Herzberb*, No. 1:11-cv-150, 2012 WL 523651, *2 (E.D. Tenn. Jan. 25, 2012) (holding that the "Certificate of Indebtedness prepared by the loan analyst and attached to the complaint adequately sets forth the damages, *i.e.*, the principal and interest due on the promissory note").

## IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **DENIED**; and the Court further

**ORDERS** that Plaintiff shall file an amended complaint within **TWENTY (20) DAYS** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **TWENTY (20) DAYS** of the date of this Memorandum-Decision and Order, the Clerk of the Court shall enter judgment dismissing this action without further order of this Court; and the Court further

**ORDERS** that the default entered by the Clerk of the Court on February 22, 2012 (Dkt. No. 6) against Defendant is **VACATED**; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by Certified Mail, Return Receipt Requested and file the returned receipt using the Court's electronic filing system; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 17, 2012
       Albany, New York

Mae A. D'Agostino
U.S. District Judge